UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER J. BRIDGEMAN, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-2848 |
| § | |
| UNITED CONTINENTAL HOLDINGS, INC., § | |
| *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER
## OF DISMISSAL

**I.**

Before the Court are the defendants', United Continental Holdings, Inc., and Continental Airlines, Inc. ("Continental"), motion to dismiss the plaintiffs', Christopher J. Bridgeman and Marin A. Borger, suit, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). The Court has reviewed the motion, response and reply and the law attendant to the claims and defenses and determines that the motion should be granted.

**II.**

The facts underlying this suit are undisputed. The plaintiffs boarded a Continental flight in Costa Rica returning to their residence in Virginia. At a layover in Houston, Texas, the plaintiffs recovered their luggage and proceeded through customs where it was rechecked. The plaintiffs claim that when they recovered their luggage in Virginia, "one of the plaintiff's bags arrived in an extremely offensive condition: a sex toy had been removed from the bag [ostensibly by an] United employee(s), covered it in a foul-smelling substance, and taped [it] prominently to the top of the bag."

The plaintiffs contend that an unknown Continental employee(s), by placing the sex toy on the top of the bag, intended to inflict "severe public humiliation, mental anguish and emotional distress on the plaintiffs." Therefore, and as a result of this alleged conduct, the plaintiffs seek to recover damages for intentional infliction of emotional distress.

Continental asserts that the plaintiffs' claim is a "mishandling of baggage" claim. The plaintiffs allege damages arising as a result of how their baggage was handled "while it was in the charge of [Continental]." Hence, their claims are preempted by the Montreal Convention. Therefore, the plaintiffs cannot state a claim for damages as the claim is pled and their suit should be dismissed.

### III.

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In essence, "the district court must examine the complaint to determine whether the allegations provide relief on any possible theory." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001.) Under Rule 12(b)(6), a court will dismiss a complaint only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1965.

## IV.

A plaintiff's suit for damages, arising out of the handling of his baggage on an international flight is preempted by the Montreal Convention. *See El Al Israel Airlines v. Tseng*, 525 U.S. 155, 171 (1999).  The language of the Convention that addresses a passenger's rights states that "in the carriage of passengers and baggage, any action for damages, however founded, can only be brought subject to the conditions and limits set out in [the] Convention." *See* Convention for the Unification of Certain Rules for International Carriage by Air, art. ___, May 28, 1999, reprinted in S. Treaty Doc. No. 106-45, (2000), 1999 WL 33292734, at * __ (1999).

The plaintiffs seek to distinguish their claims from those covered by the Convention by asserting that:  (a) their injuries "were the result of an incident occurring after the conclusion of their international flight; and (b) the Convention's "preemptive effort extends only to damages during the period in which the baggage was in the charge of the carrier.  Hence, the plaintiffs argue that the damages that were incurred occurred after Continental had relinquished control of the luggage.

## V.

The Court is of the view that the damages alleged by the plaintiffs arise from a mishandling of the plaintiffs' luggage and, therefore, their claims are preempted.  The conduct that the plaintiffs rely upon to establish their claim occurred during the time when the luggage was in the charge of Continental.  Stated another way, the event that gives rise to the alleged injury occurred while the luggage was in the care of Continental. *See Hodges v. Delta Airlines, Inc.* 44 F.3d 334, 336 (5th Cir. 1995)(exclusive remedy for claims arising from airline services includes baggage handling); *see also Elnajjar v. Northwest Airlines, Inc.,* [Nos. Civ. H-04-680, 681, 2005 WL 1949545 at 3 (S.D. Tex. Aug. 15, 2005)].

In the case at bar, the plaintiffs do not allege, as the basis for their claims, facts that would give rise to their several claims apart from the handling of their luggage. And, because the suit does not set out facts or conduct establishing a claim for an alleged tort apart from the handling of their baggage, the pleadings are insufficient to support a non-preempted cause of action. Taking the facts alleged by the plaintiffs to be true, the allegations fail to provide relief on the theories asserted. *See Ramming*, 281 F.3d 161. Hence, *Fedelich v. American* Airlines, 724 F.Supp. 2d 274, 283-84 (D. Puerto Rico 2010) is inapplicable. (The plaintiffs' injuries occurred in the baggage claim area when she tripped, fell and broke her wrist because of the location of an emergency stop box).

## VI.

The Court is of the opinion and holds that all of the plaintiffs' claims are preempted by the Montreal Convention. Therefore, Continental's motion to dismiss the claims of the plaintiffs should be and it is Granted.

It is so Ordered.

SIGNED on this 29th day of November, 2012.

_____
Kenneth M. Hoyt
United States District Judge