UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. BRIDGEMAN, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-2848 |
| | § | |
| UNITED CONTINENTAL HOLDINGS, INC., | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

### I.

Before the Court is the defendants', United Continental Holdings, Inc., and United Continental Airlines, Inc. ("United"), motion for judgment as a matter of law in a jury trial, presented pursuant to Federal Rules of Civil Procedure, Rule 50(a)(1)(B).   The plaintiffs, Christopher J. Bridgeman and Martin A. Borger, have responded; therefore, the motion is properly before the Court.   After a careful review of the evidence and the case law applicable, the Court concludes that the defendants' motion is meritorious and should be granted.

### II.

The plaintiffs brought this suit on claims of "negligence", "invasion of privacy" and "intentional infliction of emotional distress" when their bag arrived at its destination in an extremely offensive condition:  a sex toy had been moved around in the bag causing it to be prominently exposed in some respect.  The bag had been taped by unknown persons after the plaintiffs checked it for its final destination.  It is undisputed that the bag was handled by both the Transportation Security Administration ("TSA") and United after the bag was checked.

### III.

United asserts four bases for the dismissal of part or all of the plaintiffs' claims. Previously, the Court dismissed the plaintiffs' negligence claim.  *See* [Doc. No. 102]. Addressing the remaining claims, United contends:  (a) because the remaining claims require proof of specific intent or malice, a corporation is not responsible in exemplary damages for the malicious acts of employees without proof of recklessness on its part; (b) the doctrine of *respondent superior* does not apply because the evidence fails to show that United knew or should have known of the conduct in question and failed to take prompt remedial action; (c) the claim of "intentional infliction of emotional distress" fails because it is treated as a "gap filler; hence, it provides no relief where another claim provides a direct avenue for recovery; [Therefore, in this case, the plaintiffs' claim for "invasion of privacy" closes the door on their claim for "intentional inflectional and emotional distress"], and (d) as to all claims, the plaintiffs' suit fails because the theory of *res ipsa loquitor* does not apply.

### IV.

The Court is of the opinion that United's motion should be granted for the reasons stated in the record.  *See GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 615-18 (Tex. 1999). However, there is an additional and equally compelling reason for dismissal of the plaintiffs' case.  The evidence shows that two entities handled the plaintiffs' bag after it was checked. Because a tort is indivisible and, in this case, based on intent, the claim cannot be divided between the two entities.  Moreover, joint several liability is unavailable to the plaintiffs.  The evidence fails to eliminate the TSA as the plausible tortfeasor.  Logic dictates that where one of two plausible tortfeasors committed an intentional tort, one of the tortfeasors must be eliminated by the evidence in order that the factfinder may judge the conduct of the offender.  The

plaintiffs' evidence fails to make this divide.  Therefore, no recovery can be had against either.

United's motion for judgment pursuant to Rule 50(a)(1)(B) is granted.

It is so Ordered.

SIGNED on this 26th day of May, 2015.

_____
Kenneth M. Hoyt
United States District Judge